UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

PATRIZIA BENSTROM,
        Petitioner,                                    No. 2:14-cv-209
vs.                                                      (Criminal Case No. 2:12-cr-36-4)
                                                           Hon R. Allan Edgar
UNITED STATES OF AMERICA,        United States District Judge
        Respondent.
_____/

**OPINION AND ORDER**

        Petitioner, Patrizia Benstrom, currently confined at Federal Medical Center Lexington, brings this Motion to Vacate, Set Aside, or Correct a Sentence pursuant to 28 U.S.C. § 2255, arguing that her trial counsel provided her with ineffective assistance of counsel for failing to object to an incorrect calculation of her criminal history. After conducting the preliminary review required by Rule 4 of the Rules Governing § 2255 Proceedings and 28 U.S.C. § 2243, this Court will dismiss Benstrom's petition because it is clear that her allegations do not entitle her to relief.

I.

        Benstrom pleaded guilty to possession and distribution of a List I chemical with knowledge that it would be used to make a controlled substance in violation of 21 U.S.C. § 841(c)(2). Benstrom purchased pseudoephedrine (PSE) for use by her co-defendant in manufacturing methamphetamine. A total of 21.6 grams of PSE was attributed to Benstrom, either by direct purchase or while she was purchasing it with others. A violation of § 841(c)(2), with at least 10 grams but less than 40 grams of PSE, put Benstrom at a base offense level of 26. USSG § 2D1.11(d)(7).

        The Presentence Report (PSR) included a three level decrease because Benstrom accepted responsibility for her actions and assisted in the investigation. USSG §§ 3E1.1(a), (b). Thus, a recommended offense level of 23. Defendant's total criminal history score was ten, which included a two point increase for committing the current offense while on probation for a state court conviction. USSG § 4A1.1(d). Benstrom's ten criminal history points put her in a

criminal history category of V.  Combined with the base offense level of 23, the recommended sentence was 84-105 months.  Benstrom's counsel did not object to the PSR.

While at the sentencing hearing Benstrom's counsel requested a downward departure.  This Court ultimately granted a two point downward departure after it concluded that the criminal history category substantially over-represented the seriousness of her actual crimes as well as the decreased likelihood that she will commit other crimes after release because of her age.  USSG § 4A1.3(b).  The downward departure brought the offense level to 21, dropping the guideline recommended sentence to 70-87 months incarceration.  This Court sentenced Benstrom to 70 months, the lower end of the guidelines.

Benstrom brings this motion for post-conviction relief arguing that her counsel provided her with constitutionally ineffective assistance of counsel.  Benstrom argues that the criminal history points were incorrectly calculated and that her counsel should have objected.  She argues that the error resulted in prejudice to her sentence.  After reviewing Benstrom's arguments, it is clear that her claims do not entitle her to relief.

## II.

After filing a habeas corpus petition, the court must conduct a preliminary review of the petition to determine whether "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  Rule 4, Rules Governing § 2255 Proceedings; 28 U.S.C. § 2243.  If so, the petition must be summarily dismissed.  Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).  A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as claims containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).  Dismissal is appropriate if the petitioner's allegations "cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999).

Benstrom takes issue with the performance of her trial counsel.  Claims of ineffective assistance of counsel are subject to *Strickland's* two-part test:  that the lawyer provided deficient counsel and that the defective representation prejudiced the outcome.  466 U.S. 668, 687 (1984).  However, Benstrom fails to show that her counsel provided deficient counsel.

According to Benstrom, two of her state court convictions were counted with three additional points each at sentencing.  However, she is plainly incorrect.  She argues that case nos.

M080949SM and I100197SM were both given one point for the actual offense and two additional points for "an incorrect connection between the priors and the present conviction of a Sudafed purchase." (*Id.* at 3–4)  According to the PSR, each of these cases received one point based on USSG 4A1.1(c).   There is no place in the PSR where these cases received two more points.  If those cases were each given two additional points, Benstrom's total criminal history score would have been 14, with a criminal history category of VI, and the recommended sentence, after the two point downward departure, would have been 77-96 months, not the recommended 70-87 months.

Based on Benstrom's petition, it may be the case that she believes that under USSG § 4A1.2(c)(1) these two cases should not have been counted against her.  (*See* Docket #1, 3–5)  However, that section does not apply to any of the historical convictions or to the instance offense.  Benstrom also suggests that she should get an additional three level decrease for acceptance of responsibility.  Benstrom's offense level was calculated at 26 and reduced by three points for accepting responsibility and assisting in the investigation.  Benstrom does not get an additional reduction; she does not get to double-dip.

It is clear that the criminal history points and category were properly calculated, and Benstrom's counsel would have had no reason to object to the PSR.  After conducting the review required by Rule 4, this Court denies Benstrom's petition because she is clearly not entitled to relief.  Because the request for relief is denied, this Court will not address Benstrom's request for a downward departure based on post-sentencing rehabilitation.  However, this Court does note and commend Benstrom for her numerous and varied accomplishments while in custody.

Finally, Benstrom requests relief based on the U.S. Sentencing Commission's decision to give retroactive effect to Amendment 782, the guideline amendment regarding drug offenses.  First, this request should be field as a motion pursuant to 18 U.S.C. 3582(c)(2) not a section 2255 petition.  Even if Benstrom filed a proper motion, the drug amendment does not become effective until November 1, 2014, therefore, Benstrom's request would be denied as premature.  This Court will not entertain motions for a reduction before November 1, 2014.

### III.

In summary, the Court finds that Benstrom's claims are without merit and therefore will dismiss the petition with prejudice.  In addition, if petitioner should choose to appeal this action, the Court must determine whether a certificate of appealability should be granted.  A certificate

3

should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A dismissal of petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, if the court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. Aug.27, 2001). Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S. at 484. The Court concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Consequently, the Court has examined each of petitioner's claims under the *Slack* standard.

For the same reasons that the Court has dismissed this action, the Court will certify pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24 that any appeal by petitioner from the Court's decision and judgment would be frivolous and not taken in good faith. Therefore, any application by Benstrom for leave to proceed in forma pauperis on appeal is hereby DENIED.

Pursuant to Rule 4, Benstrom's motion for post-conviction relief pursuant to 28 U.S.C. § 2255 (Docket #1) is **DENIED AND DISMISSED WITH PREJUDICE**. A judgment consistent with this Opinion and Order will be entered.

**SO ORDERED.**

Dated:        10/10/2014                    */s/ R. Allan Edgar*
                                            R. Allan Edgar
                                            United States District Judge